

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NOS. PD-0117-21 & PD-0118-21

### JAMES EARL WARREN, Appellant

### V.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### SMITH COUNTY

*Per curiam.* **YEARY, J., filed a dissenting opinion in which SLAUGHTER, J., joined**.

### O P I N I O N

Appellant was convicted of engaging in organized criminal activity and aggravated assault, and sentenced to eight years in prison for each conviction. In the bill of costs, the trial court assessed Appellant a $25 time payment fee and conditionally assessed an additional $15 time payment fee if any part of a fine, courts costs, or restitution is paid on

or after the 31ˢᵗ day after the date the judgment assessing the fine, court costs, or restitution is entered. See TEX. LOCAL GOV'T CODE § 133.103. On appeal, the Court of Appeals struck a portion of that fee as being unconstitutional. *Warren v. State*, Nos. 12-20-00156-CR, 12-20-00159-CR, 2021 Tex. App. LEXIS 269 (Tex. App. – Tyler Jan. 13, 2021) (not designated for publication).

The State has filed a petition for discretionary review challenging the court's constitutional analysis. We recently handed down our opinion in *Dulin v. State*, Nos. PD-0856-19 & PD-0857-19, 2021 Tex. Crim. App. LEXIS 273 (Tex. Crim. App. Mar. 31, 2021), in which we held that the time payment fee was assessed prematurely because the pendency of appeal suspends the obligation to pay court costs. As a result, there was no need to reach the State's constitutional arguments.

We grant review on our own motion of the following ground:

Should the "Time Payment Fee" be struck as prematurely assessed?

Addressing that ground in light of *Dulin*, we vacate the judgment of the Court of Appeals, and remand this case to the Court of Appeals for proceedings consistent with this opinion. The State's petition is refused.

DELIVERED May 12, 2021

DO NOT PUBLISH